WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marla Simon, | No. CV-25-08033-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Reliance Standard Life Insurance Company, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Marla Simon's Motion to Seal (Doc. 22), which Defendants do not oppose. For the reasons set forth below, the Court denies the Motion without prejudice. Plaintiff may refile her Motion within fourteen days of the date of this Order.

**I.      Background**

The instant matter concerns a document that pertains to Defendant Reliance Standard Life Insurance Company's (Reliance) motion to set aside the default entered against it. In her response in opposition thereto, Plaintiff references and attaches a medical document generated by Network Medical Review. (Doc. 20 at 6 n.5; Doc. 20-3.) Plaintiff asserts that this medical document supports her argument that Reliance "does not have a meritorious defense." (Doc. 20 at 6 n.5.) The presence or absence of a meritorious defense is one of the factors that the Court must consider in ruling upon Reliance's motion to set aside default. (Doc. 20 at 5.)

In her Motion to Seal, Plaintiff does not provide a robust explanation of why she feels a seal is appropriate here. She simply states that (1) "[t]he Sealed Document contains

personal identifying information of Plaintiff which is covered under Fed. R. Civ. Proc. 5.2(a)" and (2) "[t]he Sealed Document contains medical information about Plaintiff that constitutes 'individually identifiable health information' under 45 C.F.R. 160.103," but she neither identifies any discrete instances of this allegedly sensitive information in the relevant medical document nor explains why such information, if it is indeed present in the document, merits a seal. (*See* Doc. 22 at 2.) Plaintiff contends that, based on the foregoing, "good cause" exists to seal the medical document. (*See* Doc. 22-1.) As noted, Defendants do not oppose the imposition of a seal, so the above-described argumentation constitutes the full briefing provided to the Court on this issue.

## II.     Legal Standard

There exist two rights of access held by the public with respect to documents involved in litigation: (1) a right of access created by the Federal Rules of Civil Procedure and (2) a right of access extant under federal common law. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The former right of access is embodied by Rule 26(c), which provides that a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" relating to discovery. Thus, even though "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public," a district court may "override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Rule 26(c) provides the baseline standard for determining whether discovered materials shall be accessible by the public. And in instances where a particular document is produced in discovery but is never actually utilized in the underlying litigation, Rule 26(c) is controlling. However, when a document is filed with a federal court in relation to a litigation matter, the common law right of access is overlaid atop the principles of Rule 26(c). *See Phillips* 307 F.3d at 1212. Here, because Plaintiff submitted her medical

document appurtenant to a litigation-related filing, the common law privacy standards control over those of Rule 26(c).

The citizenry's right to inspect public records creates a "strong presumption" that documents filed with federal courts shall be open to the public. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record must generally produce "compelling reasons" that the record ought to be kept secret. *Id.* at 1178–79. In order to satisfy the compelling reasons standard, a party must adduce specific facts demonstrating that the party's interest in privacy outweighs the strong public policy favoring disclosure. *Id.* Ordinarily, the compelling reasons standard is satisfied when a party establishes that a document has been submitted for an improper purpose, such as harassment. *Id.* "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Even where privacy interests are paramount, courts must consider whether redacting portions of the subject document will satisfy those interests while still permitting the public to access the remainder of the document. *See In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011).

The compelling reasons standard described above governs the analysis of requests to seal documents that pertain to dispositive motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). However, where a document relates to a nondispositive motion, a showing of "good cause" consistent with Rule 26(c) suffices to merit a seal. *Id.* "Dispositive motions" in this context are not simply those motions that are literally dispositive of a case, such as a motion for summary judgment, but are instead all motions that are "more than tangentially related to the underlying cause of action," including motions in limine and motions for preliminary injunctive relief. *Id.* at 1099. A motion to set aside a default, which is the motion at issue here, is plainly a dispositive motion for purposes of the Ninth Circuit's privacy analysis. *See Mountains of Spices LLC v. Chen*, No. CV-21-01497-PHX-JAT, 2024 WL 551992, at *1 (D. Ariz. Feb. 12, 2024) (holding that a motion to set aside a default judgment is a dispositive motion). That

conclusion is reinforced by the particular relevancy of the medical document currently at issue, which was submitted for the purpose of establishing that Reliance lacks a meritorious defense to the underlying cause of action. Thus, Plaintiff's medical document is directly germane to the merits of this case.

### III.   Discussion

In order to justify a seal of her medical document, Plaintiff needed to produce compelling reasons that secrecy is appropriate. She did not even attempt to do so, as she mistakenly thought that the good cause standard applied here. Although the good cause standard is frequently satisfied simply by stipulation, the same is not true of the compelling reasons standard. Because Plaintiff did not establish that compelling reasons support the imposition of a seal upon her medical document, the Court will deny Plaintiff's Motion. Such denial is without prejudice, as the Court will permit Plaintiff to refile her Motion under the correct standard.

The Court notes, however, that private medical records are normally not amenable to seal when the party seeking the seal has placed her medical information at issue. "[W]here a party puts certain information at issue, that party's ability to claim an interest in privacy is weakened." *Andrich v. Kostas*, No. CV-19-02212-PHX-DWL, 2021 WL 3410908, at *2 (D. Ariz. July 2, 2021) (quoting and collecting cases). "Plaintiff cannot bring this action and then reasonably expect confidentiality as to [her relevant medical information]." *Id.* The Court does not know the extent to which the document at issue here contains information that goes beyond the ambit of this case, as Plaintiff did not direct the Court's attention to anything in the document. Moreover, the Court will not say ahead of time that certain medical information might not be sealable even though it is pertinent to this case, as such determinations must be made on a fact-specific basis. *See Ctr. for Auto Safety*, 809 F.3d at 1097. In any event, Plaintiff must provide specific, factually supported argumentation in support of her request to seal, and she may not rely on privacy definitions pulled from unrelated rules or regulations, such as those cited in her Motion. To the extent that a rule or regulation displaces the presumptive right of access to judicial documents,

Plaintiff must direct the Court's attention thereto. *See Sharma v. Dasha*, No. CV 22-00648-PHX-SPL (ESW), 2024 WL 4837038, at *1 (D. Ariz. Jan. 5, 2024) ("Plaintiff merely states that the documents he requests to be sealed 'contain confidential health care information regarding the Plaintiff[.]' Such generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed." (quotation marks and citation omitted)). Finally, with respect to the personal identifying information that is allegedly present in the medical document, the likely solution is a few targeted redactions. Thus, if upon a refiling of this Motion the appropriate solution is a redacted version of the relevant document, Plaintiff must make a submission thereof alongside her motion to seal.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Seal (Doc. 22). Plaintiff may file a new motion to seal consistent with this Order within fourteen (14) days of the issuance of this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to preserve the temporary seal currently in place on Doc. 20-3 until such time as the Court orders that the seal be lifted.

Dated this 18th day of April, 2025.

Honorable John J. Tuchi
United States District Judge